## BRIGGS & a. v. SHOLES.

To the reception of a plea of usury, the plaintiff may object, and offer evidence on a motion to reject it. Or he may reply and verify the replication by his own oath, or by that of any prior party to the instrument within whose knowledge the matter lies.

When the defendant offers to verify a plea of usury by his oath, the plaintiff cannot reply new matter, nor traverse the matter alleged in the plea, and tender an issue to the jury, nor conclude with a general verification.

WRIT OF ENTRY, founded upon a mortgage made by the defendant to James H. Brigham, to secure a promissory note, and assigned to the plaintiffs.

The defendant pleaded usury taken by Brigham before the assignment, averring that the note and mortgage were assigned long after the note was due, offering to verify the plea by his own oath, and praying for a deduction of three times the amount of the usury.

The plaintiffs replied, denying that Brigham had taken any sum as usury, with a verification in the ordinary form, and praying a conditional judgment.

The defendant objected to the reception of the replication, because,

1. By the statute he has the privilege of sustaining his plea by his oath, and the plaintiffs must avoid the matters stated in the plea by the oath of Brigham or his assignees, which they have not done.

2. The replication would lead to an issue for the jury to try the truth of the matters alleged in the plea, which is not allowable under the statute of usury, and deprives the defendant of his rights secured by the statute.

*Cushing*, for the plaintiffs.

*Leland*, for the defendant.

PARKER, C. J. When a plea of usury is filed, if there

are reasons why it should not be received, the plaintiff may object to its reception, and offer evidence to the court on a motion to reject it. Or, he may reply, and verify the replication by his own oath, if he have knowledge of the matter set forth in the replication. And when it is apparent that he has not such knowledge, but that it rests with some prior party to the note, the plaintiff may offer the oath of such prior party, in verification. This is within the reason and equity of the statute.

But when the defendant offers to verify a plea of usury by his oath, the plaintiff cannot reply new matter, nor traverse the matter alleged in the plea, and tender an issue to the jury, nor conclude with a general verification.

The replication in this case must therefore be rejected, and the case remanded to the common pleas.

This is the third time this case has come up to this court on a question respecting the pleadings. If it appears here again, in a similar manner, we shall order judgment *tanquam in furore,* if the case will admit of it.